**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: DEALER MANAGEMENT SYSTEMS ANTITRUST LITIGATION | ) ) ) | MDL No. 2817 |
| This Document Relates to: | ) ) | Master Case No. 18 C 864 |
| LOOP, LLC, d/b/a AUTOLOOP v. CDK GLOBAL, LLC. | ) ) ) | No. 18 C 2521 |

## MEMORANDUM OPINION AND ORDER

This case is one of several consolidated for coordinated pretrial proceedings by the Judicial Panel on Multidistrict Litigation and assigned here as the "transferee" court. Pretrial proceedings are largely complete. In these circumstances, the expected protocol in multidistrict litigation ("MDL") is that, unless the parties have waived personal jurisdiction and venue objections, the case will be remanded for trial to the district court in which it was originally filed. *See* 28 U.S.C. § 1407(a). Plaintiff Loop, LLC (hereinafter "AutoLoop"), asks the court to remand the case to the Western District of Wisconsin—but it was filed directly in this court, not in Wisconsin. "Direct filing" of cases in a transferee court is not uncommon, and the practice can promote efficiency and flexibility. Because no formal direct-filing order was in place, however, confusion has arisen about whether Wisconsin is in fact the "home" district for this case. As explained below, this court concludes that it is and will return this case to the JPML with a suggestion of remand to the Western District of Wisconsin.

## BACKGROUND[1]

As noted, this case was not filed in the Western District of Wisconsin, but a related case was filed against Defendant CDK Global, LLC (hereinafter "CDK") there earlier. On May 1, 2017,

---

[1] The court has detailed the facts of this MDL in multiple opinions and assumes knowledge of those opinions. *See, e.g., In re Dealer Mgmt. Sys. Antitrust Litig.* ("Authenticom MTD Op."), 313 F. Supp. 3d 931 (N.D. Ill. 2018); *In re Dealer Mgmt. Sys. Antitrust Litig.* ("AutoLoop MTD Op."), 362 F. Supp. 3d 477 (N.D. 2019); *In re Dealer Mgmt. Sys. Antitrust Litig.* ("Dealers MTD Op."), 362 F. Supp. 3d 510 (N.D. Ill. 2019); *In re Dealer Mgmt. Sys. Antitrust Litig.* ("Daubert Op."), 581 F. Supp. 3d 1029 (N.D. Ill. 2022). Here, the court only discusses only the facts that

Authenticom, Inc. sued CDK and the Reynolds and Reynolds Company in the Western District of Wisconsin, alleging that the two companies had engaged in anti-competitive conduct in violation of the Sherman Act. *See Authenticom, Inc. v. CDK Glob., LLC*, No. 17-CV-318-JDP, 2017 WL 3017048, at *1 (W.D. Wis. July 14, 2017), *vacated*, 874 F.3d 1019 (7th Cir. 2017). Authenticom claimed that the two defendants "conspir[ed] to drive it out of business" by blocking Authenticom's access to their "dealer management systems," which contain car dealer data necessary to Authenticom's business. *Id.* Authenticom sought a preliminary injunction that would require CDK and Reynolds to allow Authenticom to continue its historical practice of accessing dealer data on defendants' information systems. *Id.* After a three-day hearing, Chief Judge James Peterson of the Western District of Wisconsin concluded that Authenticom had established "at least a moderate chance of success in proving that [CDK] h[ad] violated the Sherman Act." *Id.* Other factors weighed in favor of injunctive relief, as well: Authenticom had demonstrated a significant risk that it would face bankruptcy if defendants were not enjoined from blocking its access to their systems; and that risk outweighed countervailing harms defendants claimed to be facing if the injunction issued, including alleged increased susceptibility to cybersecurity threats. *Id.* Judge Peterson granted Authenticom's motion and directed the parties to negotiate the language of the injunction. *Id.* at *11. In fact, they reached a settlement. (*See* Stipulation of Dismissal with Prejudice of Authenticom's Claims Against CDK and CDK's Counterclaims Against Authenticom [1199].)

Following the *Authenticom* action, more than a dozen related cases were filed across the country against CDK. On February 1, 2018, these cases were consolidated in an MDL and the JPML appointed Judge Amy St. Eve to preside over the cases in the Northern District of Illinois.[2]

---

are material to CDK's motion requesting that this court retain the AutoLoop matter in the Northern District of Illinois for trial.

    [2]     Judge St. Eve presided over the relevant events leading to this current dispute between AutoLoop and CDK over trial venue. Upon her elevation to the Court of Appeals, the

(See Transfer Order [1].) At an initial hearing [43], Mr. Derek Ho, co-lead counsel for Plaintiffs, informed Judge St. Eve that his firm anticipated filing another action in the MDL—referring to this case, on behalf of Plaintiff AutoLoop. (Ex. 2 to Pl.'s Opp. [1399-2] at 4:7–10.) Judge St. Eve observed that "it might make sense, rather than filing it in some other state and going through the process of coming here, that you can file directly here." (Id. at 4:16–19.) Mr. Ho stated that his firm would consider the court's proposed direct filing procedure.[3] (Id. at 4:20–21.)

On April 4, 2018, Plaintiff AutoLoop's counsel emailed counsel for Defendant CDK requesting that CDK consent to a stipulation and order; the proposed language would have confirmed that "the parties consent to AutoLoop filing its complaint in Illinois but that the complaint will be deemed filed in Wisconsin" and that "CDK would not waive its right to object to venue in Wisconsin." (Ex. 3 to Pl.'s Opp. [1399-3] at 3.) Ms. Britt Miller, counsel for Defendant, responded that CDK "is not inclined to join the stipulation," because, in CDK's view, "AutoLoop has little connection to the W.D. Wisconsin . . . ." (Id. at 2.) Nevertheless, as she was "mindful of the Court's preference [for direct-filing]," Ms. Miller added that "[CDK] will not oppose" AutoLoop's motion. CDK did not consent to the motion, however, and "reserve[d] all of its rights (including as to venue)." (Id.)

On April 6, 2018, at the next status hearing in front of Judge St. Eve, the parties again addressed the issue of where to file the AutoLoop case. Below is the exchange between Mr. Ho, Ms. Miller, and Judge St. Eve:

> MR. HO: One other housekeeping issue, your Honor. As I mentioned at the last status conference, we are about to file another case on behalf of another vendor. We've been working with the defendants on a stipulation by which the parties would agree -- or at least the defendants would not oppose -- a process where we

---

case was reassigned to Judge Robert Dow on May 23, 2018 [181] and then, on Judge Dow's appointment as Counselor to the Chief Justice, again reassigned on October 12, 2022 [1354].

[3] With respect to direct filing, the court's initial status order stated: "The Court hereby consolidates for pretrial purposes all *In re: Dealer Management Systems Antitrust Litigation* actions transferred to this Court by the MDL. Any 'tag-along' actions later transferred to this Court, or directly filed in the Northern District of Illinois, will automatically be consolidated with this action without the necessity of future motions or orders. This consolidation, however, does not constitute a determination that the actions should be consolidated for trial." (Initial Status Order [10] at 1.)

> would direct file in this district, but the case would be deemed to have been filed in the Western District of Wisconsin, preserving their right to object to venue.
>
> THE COURT: That makes the most sense.
>
> MS. MILLER: We said, your Honor, we would not -- we weren't sure why the Western District of Wisconsin. It's a Florida company, at least from what we can tell, not registered in Wisconsin. But we said if your Honor was inclined to allow a direct file, we would not oppose the motion, but we weren't going to stipulate to its filing.
>
> THE COURT: I will allow -- and I thought my original scheduling order said that you can file -- directly file. It makes the most sense from an efficiency and cost standpoint. So, yes, you may directly file that here.

(Ex. 1 to Pl.'s Opp. [1399-1] at 44:4–23.) Mr. Ho responded that AutoLoop would directly file the case in the Northern District of Illinois and offered to "submit a proposed order, as well." (*Id.* at 45:1–2.) Ms. Miller interjected and asked, "Do we need a proposed order, or do they just have to file?" (*Id.* at 45:3–4.) The court's clerk responded to Ms. Miller's question by directing Mr. Ho to "just file and just mention on the civil cover sheet the MDL." (*Id.* at 45:5–6.) Judge St. Eve, Ms. Miller, and Mr. Ho all agreed with this procedure. (*See id.* at 45:7–13.)

On April 9, 2018, AutoLoop filed this class-action in the Northern District of Illinois. (*See* Compl. [1] in No. 18-cv-2521.) In its complaint, AutoLoop asserted that venue is proper in the Western District of Wisconsin and added in a footnote:

> Pursuant to the Court's instructions at the April 6, 2018 status hearing in *In re Dealer Management Systems Antitrust Litigation*, No. 18 C 864 (MDL No. 2817), AutoLoop has filed this Complaint directly in the MDL court but requests that the Complaint be deemed filed in the Western District of Wisconsin and transferred to the Western District of Wisconsin for trial.

(Compl. ¶ 36 n.3; *see also* Am. Compl. [191] ¶ 36 n.4.)

Apart from class certification briefing, the case is now ready for trial; but where? CDK argues that this court should retain the case, filed directly in this court; AutoLoop argues that the court must remand the case to the Western District of Wisconsin pursuant to 28 U.S.C. § 1407.

4

**DISCUSSION**

The initial question before the court is whether the remand procedures of § 1407(a)[4] govern this case. It is undisputed that a case transferred by the JPML to an MDL court (as opposed to a case filed directly in the MDL court) should be remanded to its originating court after pretrial proceedings end. Indeed, the Supreme Court squarely addressed this issue in *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998). In *Lexecon*, the Court considered whether a transferee court in an MDL has the authority under § 1404(a) to transfer a case to itself for trial, or must instead remand the case to its originating court. *Id.* at 28. The Supreme Court unanimously held that an MDL transferee court does not rule on a § 1404(a) motion and that, instead, § 1407 "obligates the [JPML] to remand any pending case to its originating court" when pretrial proceedings conclude, absent waiver by the plaintiff. *Id.* at 34–35. As for the circumstances when a change of venue would be appropriately ordered in a case consolidated under the MDL statute, the Court contemplated that transfer under § 1404(a) could happen after the case was remanded to the originating court. *Id.* at 39.

*Lexecon* did not involve direct filing, and Defendant CDK argues that § 1407 and *Lexecon* do not apply in a case like this one, where AutoLoop filed its complaint directly with the clerk of this court. Such a case should remain here, CDK argues. In support, CDK points out that the text of § 1407 does not contemplate transfer or remand of direct-filed cases. *See* 28 U.S.C § 1407(a) (stating that "[e]ach action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred"). Because

---

[4] Section 1407(a) states: "When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated: Provided, however, That the panel may separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded." 28 U.S.C. § 1407(a).

a direct-filed action has not been transferred from another court, Defendant's argument goes, there is no originating court to which to remand the case. Accordingly, CDK contends that the court must engage in a § 1404(a)-style analysis to determine the appropriate venue for AutoLoop's transfer—an analysis that CDK contends will result in this court's retaining the case. In further support of its position, CDK points out that direct-filing orders entered by other MDL courts include explicit direction that where the parties do not agree about appropriate venue, the court will make the determination under § 1404(a) standards. *See, e.g.*, *In re Takata Airbag Prod. Liab. Litig.*, 379 F. Supp. 3d 1333, 1345 (S.D. Fla. 2019) (citing *In re Incretin Mimetics Prods. Liab. Litig.*, No. 13MD2452 AJB (MDD), 2013 WL 12171761, at *1 & n.1 (S.D. Cal. Nov. 13, 2013)) ("Without a stipulation by the parties as to where these legal actions should be transferred, the Court will transfer them to a federal district court of proper venue as defined by 28 U.S.C. § 1391, pursuant to the Rules of the Judicial Panel on Multidistrict Litigation and 28 U.S.C. § 1404(a)" (internal quotation marks omitted)).

No such language appears in any order in this case, and Plaintiff AutoLoop argues that direct filing here did not compromise its rights under *Lexecon*. The dialogue before Judge St. Eve at the April 6 status hearing demonstrates, in AutoLoop's view, that the parties consented to the case's being deemed filed in Wisconsin. Additionally, AutoLoop cites to Seventh Circuit precedent that endorses direct filing in MDLs and states, with respect to choice-of-law rules, that direct-filed cases are "treated as having originated outside of that district." *Dobbs v. DePuy Orthopedics, Inc.*, 842 F.3d 1045, 1049 (7th Cir. 2016) (noting that the prevailing approach in the Seventh Circuit is that "foreign cases filed directly in a district court as a part of ongoing multidistrict litigation are treated as having originated outside of that district"); *see also Looper v. Cook Inc.*, 20 F.4th 387, 393 (7th Cir. 2021) (collecting cases).

Given the specific facts of this case, the court agrees with Plaintiff. The court is satisfied that the parties clearly, albeit implicitly, consented to a procedure whereby Plaintiff AutoLoop's case would be directly filed here but deemed filed in Wisconsin. The record supports that

6

conclusion: At two different status hearings, Judge St. Eve advised AutoLoop to file its case directly in Illinois to save time and costs. AutoLoop ultimately filed this case in Illinois on the assumption that it would be considered filed in Wisconsin—a filing procedure Defendant CDK explicitly stated it did not oppose. CDK looks past these circumstances in emphasizing that the court never entered an order stating specifically that the case was considered filed in Wisconsin, and the court agrees that entry of such an order would have eliminated confusion concerning the venue question. The court also recognizes, however, that CDK is at least partly to blame for the confusion. Mr. Ho (Plaintiffs' counsel) offered to submit a proposed order to clarify the procedure the parties had agreed to—but Ms. Miller advised the court that an order was not necessary. Perhaps CDK believes that by failing to insist on entry of an explicit direct-filing order (despite CDK's assertion that such an order was unnecessary), AutoLoop effectively waived its right to remand. The court does not accept that notion, and instead concludes that AutoLoop agreed to file its case in this court with the understanding that it would be deemed filed in the Western District of Wisconsin. On that understanding, § 1407 mandates that the case be remanded to that district. *See Lexecon*, 523 U.S. at 34–35.

The court notes incidentally that, even apart from the language of § 1407, it is not at all clear that § 1404(a) would authorize the court to assign the AutoLoop case to itself, as CDK advocates. True, as noted, some courts have invoked § 1404(a) in determining which district an MDL case should be returned to, in circumstances where there is no identified originating court. The text of § 1404(a), however, confirms a court's power to transfer a case to another court, not to retain it. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."). The Supreme Court in *Lexecon* recognized the possibility that § 1404(a) may not empower a court to "self-transfer" a case. *Lexecon*, 523 U.S. at 41 n.4 ("Because we find that the statutory language of § 1407 precludes a transferee court from granting any § 1404(a) motion, we have no need to

7

address the question whether § 1404(a) permits self-transfer *given that [§ 1404(a)] explicitly provides for transfer only 'to any other district.'* " (emphasis added)). CDK is of course free to raise § 1404(a) arguments, and those arguments may well have merit, but the Western District of Wisconsin is the proper court to hear them.

Finally, the court notes that the circumstances in this case are somewhat unique. Those circumstances are reminders that where MDL courts allow direct filing, they are well advised to enter orders that require parties to stipulate to trial venue (and perhaps also to personal jurisdiction and choice of law) and to memorialize those stipulations. Should defendants refuse to enter into such stipulations, plaintiffs will remain free to file cases in their preferred venue and seek transfer by way of the MDL tag-along procedures. In this case, the direct-filing process—which should have streamlined the litigation—has instead generated delay. The court notes, further, that if a prompt trial date is AutoLoop's goal, this court stands ready to schedule the case for trial in 2024.

## **CONCLUSION**

The parties impliedly consented to a direct-filing procedure in which this case was deemed filed in Wisconsin. Following ruling on class certification motions, as stated in this court's July 31, 2023 Order [1390], the court will return this case to the JPML with a suggestion of remand pursuant to § 1407 to the Western District of Wisconsin. This court's ruling is without prejudice to a § 1404(a) motion to be filed there. This court expresses no opinion on the merits of such a motion.

ENTER:

Dated: November 21, 2023

_____
REBECCA R. PALLMEYER
United States District Judge